IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

KATHY MARIE FULCHER,

| | |
|---|---|
| Debtor. | Case No. 05-5598-8-JRL |
| | Chapter 13 |

ORDER

This case is before the court on the motion to quash debtor's subpoena for production of documents filed by Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt"). On December 19, 2005, the court conducted a hearing on this matter in Wilson, North Carolina.

By subpoena, the debtor seeks documents pertaining to: "Vanderbilt's actual sales from repossessed mobile homes, whether sold at Vanderbilt branches or at auction, from July 2004 to July 2005." The subpoena directs Vanderbilt to "[s]tate the year, make, model, condition, date, location of sale and sale price." Vanderbilt holds a security interest in the debtor's 1999 Fleetwood manufactured home. In its motion, Vanderbilt argued that the subpoena is overly burdensome and will not produce relevant evidence because manufactured homes differ by year, make, model, length, width, condition, refurbishment, and accessories. In response to Vanderbilt's motion, the debtors limited their request to actual sales of mobiles homes repossessed by Vanderbilt in North Carolina only.

At the hearing, Vanderbilt explained that Clayton Homes, a separate entity, conducts the sales of the mobile homes repossessed by Vanderbilt. However, Vanderbilt is privy to Clayton Homes' sales

1

information. In order to meet the request in the subpoena, Vanderbilt would have to contact each Clayton Homes' lot and direct the staff to compile the requested information. Vanderbilt asserted that the appropriate way to value the subject property is by using an appraiser and the NADA guide. In the event the subpoena is enforced, Vanderbilt argued that it should be tailored to the same year, model, length and width as well as the same region of the state.

The trustee asserted that the request for sales prices on repossessed mobile homes is not probative as to the value of the used home in this case. The trustee stated that the appropriate method for determining the value of the home is by hiring a qualified expert to inspect the home.

The court agreed to take the matter under advisement. Within 20 days of entry of this order, Vanderbilt is to provide the court with an affidavit stating the number of records that it would have to produce if the subpoena is limited to the sales of repossessed manufactured homes of the same year, model, length and width as the subject home within the prior year in the Eastern District of North Carolina.

**So ordered:**

DATED:  December 29, 2005

J. Rich Leonard
United States Bankruptcy Judge